$350
#20118340

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

USBC-MD G FILED
18 SEP '23 PM1:06

| | | |
|---|---|---|
| In re: | * | |
| Stephanie Ann Olszewski | * | Case No. 23−14071 LSS |
| | * | (Chapter 7) |
| Debtor | * | |

---

Carmen Zelaya
11831 Scaggsville Rd.
#753
Fulton, MD 20759-7527                    *
                                         *    Adv. Proc. No. 23-00230
                                         *
                                         *

Cindy Lopez
8409 Lee Hwy
#175
Merrifield, VA 22116-8209               *
                                        *
                                        *
v.                                      *

Stephanie Ann Olszewski                 *
        Defendant

---

## COMPLAINT ASSERTING NON-DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO SECTIONS 523(a)(2)(A), 523(a)(6) OF THE BANKRUPTCY CODE

Plaintiffs, Carmen Zelaya and Cindy Lopez (together referred to as "Plaintiffs" or the "FLSA Employee Creditors"), by undersigned counsel, bring this adversary proceeding ("Adversary Proceeding") against debtor Stephanie Ann Olszewski ("Debtor") seeking a judgment that the debts owed to them, the FLSA Employee Creditors, by Debtor, arising out of the lawsuit Plaintiffs filed in the Circuit Court for Montgomery County Maryland ("Circuit Court") against

1

Debtor for her violations of the Maryland's Wage Payment and Collection Law, ("MWPCL"), Md. Ann. Code LE art. 3/501 et seq. (the "FLSA Action" or "the Wage Payment Action") are non-dischargeable pursuant to sections 523(a)(2)(A), 523(a)(6) of Title 11 of the Bankruptcy Code (as incorporated by 11 U.S.C. § 1192), and, as grounds state as follows:

<u>**Preliminary Statement**</u>

1.      Plaintiffs are former employees of Debtor, who operates a real property staging company called "DesignbyStephanieO, LLC" or "DesignbyStephanieO." "DesignbyStephanieO LLC" and "DesignbyStephanieO" are used interchangeably on Debtor's social media accounts, website, state business filings, written agreements, and legal documents.

2.      Debtor's company will hereinafter be referred to as "the Company" or "DesignbyStephanieO, LLC."

3.      Debtor was sued in the Circuit Court for Montgomery County Maryland on March 9, 2022, Case No. C-15-CV-22-001-69, hereinafter (the Wage Payment Action). See attached Complaint (Exhibit 1).

3.      Debtor answered and responded to the lawsuit, but not without willful evasion, avoidance and neglect, requiring Plaintiffs to expend additional time and money on a Motion for Alternative Service.

4.      As employees of the Company, Plaintiffs were regularly subjected to egregious and pervasive violations of federal and Maryland state labor laws by Debtor in the Wage Payment Action.

5.      Debtor purposefully, willfully, and intentionally failed to pay Plaintiffs any wages earned over the course of their employment with Defendants.

6.      Debtor hired Plaintiffs knowing that they would never be paid.

5.      Throughout the course of the Wage Payment Action, Debtor acted in bad faith.

6.      Debtor financially reaped the benefit of Plaintiffs' work, yet knowingly failed to pay them for the work performed.

7.      Debtor asserted a myriad of ridiculous reasons as to why she could not and would not pay Plaintiffs, evaded their questions and requests for payment, and ultimately intentionally stopped responding. These reasons are well documented and were produced in discovery by Plaintiffs in the Wage Payment Action.

8.      The claims asserted against Debtor by Plaintiffs in the Wage Payment Action are non-dischargeable pursuant to sections 523(a)(2)(A) and 523(a)(6).

9.      Debtor induced Plaintiffs into working for them by promising to pay them, when in fact she had no intention of paying. Debtor thereafter intentionally failed to pay Plaintiffs anything.

**Jurisdiction and Venue**

10.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

11.      Venue lies properly in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

12.     Pursuant to Fed. R. Bankr. Proc. 7008(a), this Adversary Proceeding relates to Bankruptcy Case No. 23−14071-LSS, which was filed as a Chapter 7 case by the Debtor on June 9, 2023.

## Parties

### Plaintiffs

13.     As described below in greater detail below, Plaintiffs, who are creditors in the above-captioned Chapter 7 case, worked for the Debtor, the Defendant, within the three years preceding the filing of the Wage Action. Plaintiffs performed a variety of real property staging and de-staging tasks.

### Defendant

14.     Defendant is the Debtor in the above-captioned Chapter 7 bankruptcy case.

15.     Debtor operates DesignbyStephanieO, LLC, a real property staging company.

16.     Debtor exercised operational control over Debtor's businesses and the terms and conditions of Plaintiffs' employment including the ability to hire and fire employees, to maintain employment records, and to determine the rate and method of Plaintiffs' compensation.

17.     Debtor and DesignbyStephanieO, LLC, were Plaintiffs' employers within the meaning of the FLSA and MWPCL.

**Factual Background**

18.     Plaintiff Zelaya began working for Debtor/Defendant and her company in February 2019.

19.     Plaintiff Cindy Lopez began working for Debtor/Defendant and her company in January 2019.

20.     Defendant trained Plaintiffs on staging and related tasks.

21.     Defendant controlled the structure of the employment relationship with the Plaintiffs.

22.     Defendant supervised and controlled the Plaintiffs' work schedules.

23.     Defendant supervised and controlled the Plaintiffs' conditions of employment.

24.     Defendant controlled and directed the daily tasks and responsibilities of the Plaintiffs, including directing Plaintiffs as to which properties to stage and the rooms therein to stage, how to stage the specific rooms within each property, including the selection of furniture, art, and accessories and placement and arrangement of same within each room. This control and direction over Plaintiffs is reflected in a myriad of emails and text messages between the parties.

25.     Defendant controlled the hours of employment of Plaintiffs.

26.     Defendants provided all furniture, art, accessories, and other props used by Plaintiffs in the course of their staging work.

27.     The work performed by Plaintiffs was integral to the business of DesignbyStephanieO, LLC, owned by Debtor/Defendant.

28.     Defendant/Debtor is directly involved in the payment of the company's employees and was responsible for paying Plaintiffs for their work performed.

29.     Defendant determined the rate and method of payment to Plaintiffs.

30.     The Defendant offered and the Plaintiffs accepted that payment to Plaintiffs would

5

be made according to a Staging Agreement, a true and correct copy of which is attached to the

Complaint (Exhibit 2 attached hereto).

31.    The Staging Agreement, drafted by Defendant, provides that Plaintiffs would

receive payment in the amount of 10% of the staging fee for each property staged, while Plaintiffs

were learning and working with Defendant/Debtor or an experienced stager. The Staging

Agreement further provides that Plaintiffs would receive payment in the amount of 30% of the

staging fee for each property staged, if Plaintiffs were staging on Defendant's referrals alone,

without Defendant. It provides that Defendant would check on the property and help with

picture and mirror hangings but the bulk of the staging would be done by Plaintiffs. The Staging

Agreement also provides that upon completion of a three-month trial period, the parties would meet

to review work, payment, and order uniforms for Plaintiffs, specifically shirts and jackets for

staging.

32.    Defendant directed the work to be performed by Plaintiffs, by verbal and written

communication for each and every property, including those for which she was not physically on

site.

33.    At the commencement of Plaintiffs' employment with Defendant, the parties agreed

that Plaintiffs would be paid by Defendant at the end of each week worked.

34.    Plaintiff Zelaya stopped working for Defendant on or about July 18, 2019 due to

Defendant's failure to pay wages.

35.    Plaintiff Lopez stopped working for Defendant on or about July 19, 2019 due to

Defendant's refusal to pay wages.

36.    There was no bona fide dispute/reason for Defendant/Debtor to withhold payment

from Plaintiffs.

37.     Defendant fraudulently induced Plaintiffs to enter into the employment agreement with her in order to benefit from their work. Defendant never had any intention of paying Plaintiffs.

38.     The reasons offered for failing to pay Plaintiffs were numerous and varied and are well documented in text and email correspondence from Defendant to Plaintiffs. These varied reasons include problems with her cell phone provider, delay due to travel, delay due to her mother's surgery, delay due to loan paperwork on her father's house, delay in receiving ordered checks, delay due to her aunt having a stroke, etc.

39.     Litigation in the Wage Payment case proceeded until Plaintiff's noted Defendant's deposition. Approximately two days before Defendant was set to be deposed, she filed for Chapter 7 Bankruptcy.

## COUNT I
### (Non-Dischargeability Under Section 523(a)(2)(A))

40.     Plaintiffs incorporate paragraphs 1-39 as set forth above, and state that 11 U.S.C. § 1192(2) provides that a subchapter V debtor may not be discharged from debts "of the kind specified in section 523(a).... ."

41.     Plaintiffs further state that 11 U.S.C. § 523(a)(2)(A) provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge .... Any debt...for money, property, *services* [emphasis added] or an extension, renewal, or refinancing of credit, to the extent obtained, by...false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

42.     Debtor obtained services from Plaintiffs through, among other violations, willfully making false representations that she would pay them, and willfully violating wage payment laws.

7

43.     Debtor intended to deceive Plaintiffs with her misstatements and false, empty promises throughout the course of their employment, stringing Plaintiffs along.

44.     Plaintiffs justifiably relied on Debtor's misstatements and false, empty promises to pay when they provided services to the Defendant, and were damaged as a proximate result thereof by being deprived of the legally required wages for their services.

45.     Debtor obtained services from Plaintiffs by false pretenses, false representations or actual fraud and, therefore, the claims asserted against the Debtor by Plaintiffs in the Wage Payment Action are not dischargeable in bankruptcy pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.

**COUNT II**
**(Non-Dischargeability Under Section 523(a)(6))**

46.     Plaintiffs incorporate paragraphs 1-45 as set forth above, and state, that 11 U.S.C. § 1192(2) provides that a subchapter V debtor may not be discharged from debts "of the kind specified in section 523(a)... ."

47.     Plaintiffs further state that 11 U.S.C. § 523(a)(6) provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt...for willful and malicious injury by the debtor to another entity or to the property of another entity."

48.     Debtor has willfully and maliciously injured Plaintiffs by seeking to profit by employing them, benefitting from their services, but repeatedly refusing to pay them. Among other things, Debtor has willfully and maliciously violated labor laws by failing to pay Plaintiffs their wages.

8

49.     Debtor has acted willfully in her knowledge that injury was substantially certain to occur as a result of her conduct in failing to pay Plaintiffs any wages whatsoever. Debtor acted maliciously insofar as Debtor's failure to pay Plaintiffs constituted a conscious disregard of Debtor's legal duties and were without just cause or excuse. Debtor's state of mind is evidenced by her conduct – her countless excuses for failing to pay Plaintiffs (problems with her cell phone provider, delay due to travel, delay due to her mother's surgery, delay due to loan paperwork on her father's house, delay in receiving ordered checks, delay due to her aunt having a stroke, etc.), all the while continuing to reap the benefits of Plaintiffs' services.

50.     Debtor, by intending to deprive Plaintiffs of their economic value and entitlement to statutorily mandated wages, willfully and maliciously caused intentional economic loss and injury to Plaintiffs and therefore, the claims asserted against the Debtor by Plaintiffs in the Wage Payment Action are not dischargeable in bankruptcy pursuant to Section 523(a)(6) of the Bankruptcy Code.

51.     Debtor's failure to pay the Plaintiffs in accordance with the MWPCL and FLSA caused a malicious and willful injury to them with respect to debts owed, which include, back wages, treble damages, attorneys fees, and costs. Therefore, pursuant to 11 U.S.C. § 523(a)(6), Debtor is not entitled to a discharge of such debts.

### Prayer For Relief

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

(a)    Declaring that Debtor's debts to the Plaintiffs are non-dischargeable pursuant to sections 523(a)(2)(A) and 523(a)(6), made applicable by 11 U.S.C. § 1192 of the Bankruptcy Code; and

(b)    Granting such other and further relief as this Court deems necessary and proper.

Kathlynne Ramirez, Esq.
Federal Bar No. 28792
Kathlynne Ramirez, Esq. LLC
31 Walker Avenue
Gaithersburg, Maryland 20877
kramirez@kramirezlaw.com
Tel: (240) 372-1832

Seema Morse, Esq.
Federal Bar No. 19229
The Law Office of Seema Morse, LLC
P.O. Box 42
Olney, MD 20830
smorse@smorselaw.com
Tel: (202) 489-4239

*Counsel to Wage Payment Employee Creditors*

# EXHIBIT 1

E-FILED; Montgomery Circuit Court
Docket: 3/9/2022 4:34 PM; Submission: 3/9/2022 4:34 PM

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| CARMEN A. ZELAYA<br>11831 Scaggsville Road<br>Unit #753<br>Fulton, MD 20759<br><br>And<br><br>CINDY J. LOPEZ<br>8409 Lee Highway<br>Unit #175<br>Merrifield, VA 22116<br><br><br>Plaintiffs,<br><br>v.<br><br>DESIGNBYSTEPHANIEO<br>130 Bent Twig Lane<br>Gaithersburg, MD 20878<br><br><br>SERVE:<br>    STEPHANIE OLSZEWSKI<br><br>AND<br><br>STEPHANIE OLSZEWSKI<br>130 Bent Twig Lane<br>Gaithersburg, MD 20878<br><br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>) |

---

## COMPLAINT FOR VIOLATION OF
## MARYLAND WAGE PAYMENT AND COLLECTION LAW
## BREACH OF CONTRACT, AND UNJUST ENRICHMENT

---

Carmen Zelaya and Cindy Lopez (hereinafter "Plaintiffs"), by and through their counsel, Seema Morse, Esq. and The Law Office of Seema Morse, LLC and Kathlynne Ramirez, Esq. and The Law Office of Kathlynne Ramirez, Esq. LLC, hereby file this Complaint against the Defendants and state as follows:

## COMPLAINT

1. While Plaintiffs worked for Defendant Stephanie Olszewski ("Defendant Olszewski" or "Olszewski") and her company, DesignbyStephanieO, Defendant Olszewski failed to pay them any wages.

2. Plaintiffs bring this action to recover damages for Defendant's willful failure to pay wages in violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

3. On February 23, 2022, Plaintiffs sent Defendant Olszewski a demand letter in an attempt to resolve this matter prior to litigation. However, the parties were unable to resolve their dispute.

4. Plaintiff Carmen Zelaya ("Plaintiff Zelaya" or "Zelaya") is an adult resident of Burtonsville, Maryland. At all times relevant to this Complaint, Plaintiff Zelaya was an employee of the Defendant DesignbyStephanieO pursuant to the MWPCL.

5. Plaintiff Cindy Lopez ("Plaintiff Lopez" or "Lopez") is an adult resident of Burke, Virginia. At all times relevant to this Complaint, Plaintiff Lopez was an employee of Defendant DesignbyStephanieO pursuant to the MWPCL.

6. Plaintiff Zelaya and Plaintiff Lopez are sisters.

7.   Defendant DesignbyStephanieO is a Maryland corporation with its principal office located at 130 Bent Twig Lane, Gaithersburg, MD 20878. Its resident agent for service of process is Stephanie Olszewski, 130 Bent Twig Lane, Gaithersburg, MD 20878.

8.   DesignbyStephanieO was an employer of Plaintiffs pursuant to the MWPCL.

9.   Defendant Stephanie Olszewski (hereafter "Olszewski"), adult resident of Gaithersburg, Maryland, is the owner of DesignbyStephanieO.  At all times relevant hereto, Olszewski was an employer of Plaintiffs pursuant to MWPCL.

### JURISDICTION AND VENUE

10.   The subject matter of this litigation occurred in Maryland.  Jurisdiction and venue are proper in this Court.

### FACTS COMMON TO ALL COUNTS

11.   DesignbyStephanieO is engaged in the business of real property home staging, which entails setting up or staging a home for real estate showings.

12.   DesignbyStephanieO is owned and operated by Defendant Stephanie Olszewski.

13.   In or about February 2019 Plaintiff Zelaya began working as an employee of Defendants, performing staging and related work on behalf of DesignbyStephanieO.

14.   Defendant Olszewski had the power to hire and fire Plaintiff Zelaya.

15.   Defendant Olszewski personally hired Plaintiff Zelaya.

16.   In or about January 2019 Plaintiff Lopez began working as an employee of Defendants,  performing staging and related tasks on behalf of DesignbyStephanieO.

17.   Defendant Olszewski had the power to hire and fire Plaintiff Lopez.

18.   Defendant Olszewski personally hired Plaintiff Lopez.

19.   Defendant Olszewski trained Plaintiffs on staging and related tasks.

20.   Defendant Olszewski controlled the structure of the employment relationship with the Plaintiffs.

21.   Defendant Olszewski supervised and controlled the Plaintiffs' work schedules.

22.   Defendant Olszewski supervised and controlled the Plaintiffs' conditions of employment.

23.   Defendant Olszewski controlled and directed the daily tasks and responsibilities of the Plaintiffs, including directing Plaintiffs as to which properties to stage and the rooms therein to stage, how to stage the specific rooms within each property, including the selection of furniture, art, and accessories and placement and arrangement of same within each room.

24.   Defendant Olszewski controlled the hours of employment of Plaintiffs.

25.   Defendants Olszewski provided all furniture, art, accessories, and other props used by Plaintiffs in the course of their staging work.

26.   The work performed by Plaintiffs was integral to the business of DesignbyStephanieO.

27.   Defendant Olszewski is directly involved in the payment of DesignbyStephanieO's employees and was responsible for paying Plaintiffs for their work performed.

28.   Plaintiffs did not hold any concurrent employment while employed by DesignbyStephanieO.

29.   Defendant Olszewski determined the rate and method of payment to Plaintiffs.

30.   The Defendant offered and the Plaintiffs accepted that payment to Plaintiffs would be made according to a Staging Agreement, a true and correct copy of which is attached hereto as **Exhibit A.**

31.   The Staging Agreement, drafted by Defendant Olszewski, provides that Plaintiffs would receive payment in the amount of 10% of the staging fee for each property staged, while Plaintiffs were learning and working with Defendant Olszewski or an experienced stager.

4

32.   The Staging Agreement further provides that Plaintiffs would receive payment in the amount of 30% of the staging fee for each property staged, if Plaintiffs were staging on Olzewski's referrals alone, without Olszewski. It provides that Olszewski would check on the property and help with picture and mirror hangings but the bulk of the staging would be done by Plaintiffs.

33.   The Staging Agreement also provides that upon completion of a three month trial period, the parties would meet to review work, payment, and order uniforms for Plaintiffs, specifically shirts and jackets for staging.

34.   Defendant Olszewski directed the work to be performed by Plaintiffs, by verbal and written communication for each and every property, including those for which she was not physically on site.

35.   At the commencement of Plaintiffs' employment with Defendants, the parties agreed that Plaintiffs would be paid by Defendant Olszewski at the end of each week worked.

36.   Plaintiff Zelaya stopped working for Defendant on or about July 18, 2019 due to Defendant's failure to pay wages.

37.   Plaintiff Lopez stopped working for Defendant on or about July 19, 2019 due to Defendant's refusal to pay wages.

38.   Plaintiff Zelaya performed staging and/or related work on 45 residential properties during her the course of her employment with Defendants. **See Zelaya Table of Stagings, attached hereto as Exhibit B**.

39.   Plaintiff Zelaya is presently owed a total of Seventeen Thousand Five Hundred Sixty Five Dollars ($17,565.00) and is entitled to triple damages on this amount per Maryland Law.

5

40.    Plaintiff Lopez performed staging and/or related work on 46 residential properties during her the course of her employment with Defendants. **See Lopez Table of Stagings, attached hereto as Exhibit C.**

41.    Plaintiff Lopez is presently owed a total of Nineteen Thousand Five Hundred Twenty Dollars ($19,520.00) and is entitled to triple damages on this amount per Maryland Law.

42.    Defendants' failure to pay Plaintiffs their wages earned in full and when due constitutes a violation of the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq* ("MWPCA").

**COUNT I**
**VIOLATION OF MARYLAND PAYMENT AND COLLECTION ACT**
**Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.***

43.    All paragraphs set forth above are re-alleged and restated as if fully repeated herein.

44.    During their employment with Defendant, Plaintiffs Zelaya and Lopez fully and fairly fulfilled all of their obligations.

45.    Defendant is not entitled to any set-off or recoupment against the payment owed to Plaintiffs.

46.    Defendant is indebted to Plaintiff Zelaya in the total amount of Seventeen Thousand Five Hundred Sixty Five Dollars ($17,565.00)

47.    Defendant is indebted to Plaintiff Lopez in the total amount of Nineteen Thousand Five Hundred Twenty Dollars ($19,520.00).

48.    Upon information and belief, Defendants did not maintain employment records as required by the Maryland Wage and Hour Law § 3-424.

6

49.    Plaintiffs were not paid at the end of each week worked, nor were they paid within two weeks of when the wages were due, in violation of the MWPCL §3-502.

50.    Neither Plaintiff Zelaya or Plaintiff Lopez have ever been paid by Defendant for any of their work performed.

51.    There is no bona fide dispute regarding Plaintiffs' outstanding wages.

52.    Defendant Olzewski's failure to pay Plaintiffs was purposeful, intentional and in bad faith.

53.    As a consequence of Defendant Olzewski's wage theft,  Plaintiffs had to retain the undersigned attorneys to prosecute this action.

54.    If an employer withholds wages earned in violation of the MWPCL, the court may award an amount not exceeding three (3) times the wage, reasonable counsel fees and other costs.

## COUNT II
### BREACH OF CONTRACT

55.    All paragraphs set forth above are re-alleged and restated as if fully repeated herein.

56.    Defendant Olszewski offered, and Plaintiffs accepted, employment on specific terms, which  constituted an employment contract between Plaintiffs and Defendants.

57.    Defendant breached the terms of her employment contract with Plaintiff Zelaya by failing to pay her wages in the amount of Seventeen Thousand Five Hundred Sixty Five Dollars ($17,565.00)

58.    Defendant breached the terms of her employment contract with Plaintiff Lopez by failing to pay her wages in the amount of Nineteen Thousand Five Hundred Twenty Dollars ($19,520.00).

59.    As a direct consequence of Defendants' breach of contract, Plaintiffs have suffered injury.

7

60. Defendant Olszewski is liable to Plaintiffs for the damages Plaintiffs have sustained as a result of Defendant's breach of contract.

## COUNT III
## UNJUST ENRICHMENT

61. All paragraphs set forth above are re-alleged and restated as if fully repeated herein.

62. During Plaintiffs' employment with Defendant, Plaintiffs worked diligently on behalf of Defendants as employees of Defendant; thus a benefit was conferred upon Defendants by Plaintiffs.

63. Defendant Olszewski was aware and has knowledge of the benefits conferred upon her and her company by Plaintiffs through their employment with Defendant.

64. Defendant Olszewski has refused to pay Plaintiffs their wages earned which constitutes unjust retention of the benefit conferred upon Defendants by Plaintiffs.

65. Defendant financially benefited from the services provided by Plaintiffs. Defendant has unjustly retained the benefits conferred upon her by Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Honorable Court:

    a. Award the Plaintiff Zelaya her unpaid wages plus treble damages under Maryland law in the total amount of Fifty Two Thousand Six Hundred Ninety Five Dollars ($52,695.00);

    b. Award Plaintiff Lopez her unpaid wages plus treble damages under Maryland law in the total amount of Fifty Eight Thousand Five Hundred Sixty Dollars ($58,560.00);

8

c. Award both Plaintiffs damages sustained as a result of Defendants' breach of contract;

d. Award both Plaintiffs restitution damages for the unjust enrichment in the amount of the monetary benefit provided to the Defendants by the Plaintiffs;

e. Award both Plaintiffs pre-judgment interest on the amount owed;

f. Award both Plaintiffs punitive damages for Defendant Olzewski's purposeful and intentional failure to pay them their wages owed;

g. Award the Plaintiffs their court costs (currently One Hundred Sixty Five Dollars ($165.00));

h. Award the Plaintiffs their reasonable attorneys' fees and expenses incurred in this action as provided by Md. Code Ann., Labor & Empl. § 3-507.2 (b) (currently Three Thousand Five Hundred Five Dollars ($3,505.00)); and

i. Award any other relief this Honorable Court deems just.

Respectfully submitted,

The Law Office of Seema Morse, LLC

*Seema Morse*

Seema Morse, Esq.
P.O. Box 42
Olney, MD 20830
smorse@smorselaw.com
(202) 489-4239

And

The Law Office of Kathlynne Ramirez, Esq., LLC

9

Kathlynne Ramirez, Esq.
31 Walker Avenue
Gaithersburg, MD 20877
kramirez@kramirezlaw.com
(240) 372-1832

# EXHIBIT A

DeSign by StephanieO Staging Agreement - 2019

### Average Job

| | | |
|---|---|---|
| $2,500.00 | | $2,500.00 |
| - 20% ($500.00) materials/reinvest into company | | -$500.00 |
| -$900.00 (cost of movers - $450.00 each way) | | -$900.00 |
| | | $1,100.00 |

| | | |
|---|---|---|
| 10% | (while your learning working with me or an experienced stager) | $110.00/job |
| 20% | (Staging with me - able to complete some rooms on your own) | $220.00/job |
| 30% | (Staging on my referrals alone - without me. I will check on the property and help with picture and mirror hanging but the bulk of staging will be completed by you) | $330.00/job |
| 40% | (Staging on your referrals with my help - you will learn to pull items from storage on your own) | $440.00/job |
| 50% | (Staging on your referrals alone. I will still stop by to help with picture and mirror hanging as needed however you should be able to schedule movers, pull items from storage and stage on your own.) *If you have a minimum of 3 referrals per month you will also achieve this pay level | $550.00/job |

| | | |
|---|---|---|
| 60% | (Full Staging on your referrals alone or on my referrals completely alone) *If you have a minimum of 5 referrals per month you will also achieve this pay level | $660.00/job |
| 70% | (Full Staging on your referrals alone or on my referrals completely alone) *If you have a minimum of 8 referrals per month you will also achieve this pay level | $770.00/job |

*NOTE* On higher or lower paying jobs the amount per percentage will be adjusted accordingly. The above pricing is based on a $2,500.00 Job. Additional payment options available within staging, interior design or renovation work positions. Initial trial position for 3 months at which time we will meet to review work and payment position as well as order your shirts and jackets for staging. Business cards will be provided within the first 2 weeks.

Cindy Lopez_____   Date:_____

Stephanie Olszewski_____   Date:_____

DeSign by Stephanie O |240.370.9864|designbystephanieo@gmail.com

www.designbystephanieo.com

# EXHIBIT B

**Carmen Zelaya**

☐ All highlighted entries are staged at 30% without Stephanie O.

| Date | Property Address | Walk Through | Pick Ups or Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 2/11/19 | 3901 Bokel Dr Chantilly, Virginia | None | Picked up storage $25 Gaithersburg storage | None | $2,300 | 10% - $230 | **$255.00** |
| 2/12/19 | 4515 Willard Ave Chevy Chase Maryland | None | None | $75.00 | None | None | **$75.00** |
| 2/12/19 | Sweet Meadow Ln Laytonsville, Maryland | None | Two pick-ups each @ $25.00 /South Frederick and Diamond Ave Gaithersburg = $50.00 | 4/22/19 $75.00 | $3,000 | 10% - $300 | **$425.00** |
| 2/13/19 | Finished up with Sweet Meadow Dr. Laytonsville Maryland Today did a total of 3 pick – ups & 1 drop off | None | Pick – up @ Diamond Ave then to South Frederick then to Goshen Rd. Dropped off a car full of left over items to Diamond Ave. Total of 4 @ $25.00 each = $100.00 | None | None | None | **$100.00** |
| 2/14/19 | 3125 18th Street N.E. Washington DC | None | None | $75.00 | None | None | **$75.00** |
| 2/14/19 | 1701 Black Oak l.n. Silver Spring Maryland | None | Picked – up @ Diamond Ave Storage $25.00 | 3/25/19 $75.00 | $2,300. | 10% - $230 | **$330.00** |

Page | 1 –Carmen Zelaya

Carmen Zelaya

| Date | Property Address | Walk Through | Pick Ups or Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 2/22/19 | 18020 Chalet Dr. #17 Germantown, Maryland | None | None | $75.00 | None | | **$75.00** |
| 2/22/19 | 11419 Commonwealth Dr. #103 Rockville, Maryland | None | None | 4/15/19 $75.00 | $1,900 | 30% - $570 | **$645.00** |
| 3/1/19 | 6701 Surreywood Lane Bethesda Maryland | None | $25.00 Dropped – Off @ Diamond Ave | $75.00 | None | | **$100.00** |
| 3/12/19 | 1609 West Virginia Ave N.E. Washington DC | None | None | 4/25/19 $75.00 | $2,350 | 10% - $235 | **$310.00** |
| 3/18/19 | 1741 S. Street N.W. Washington DC | None | None | 3/25/19 $75.00 | $1,600 | 10% - $160 | **$235.00** |
| 3/18/19 | 3923 Massachusetts Ave N.W. Wash DC | None | None | $75.00 | None | | **$75.00** |
| 3/19/19 | 2909 34th Street N.W. Wash DC | None | None | 5/13/19 $75.00 | $3,400 | 10% - $340 | **$415.00** Note: This house took 3 days to stage |
| 3/20/19 | 3883 Connecticut Ave N.W. #110 Wash DC | None | None | None | $1,750 | 10% - $175 | **$175.00** |
| 3/25/19 | 7101 Stratos Lane Gaithersburg, Maryland | None | None | None | $2,900 | 10% - $290 | **$290.00** Note: This house took 2 days to stage |

Carmen Zelaya

| Date | Property Address | Walk Through | Pick Ups or Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 4/1/19 | 513 Pickwick Village Way Silver Spring Maryland | None | Picked – up @ Storage - $25.00 | None | $2,300 | 30% - $690 | **$715.00** |
| 4/8/19 | 2835 Wisconsin Ave N.W. Wash DC | Walk – through @ $30.00 | None | None | None | None | **$30.00** Note: Stephanie away in Florida |
| 4/9/19 | 114 Treehaven Street Gaithersburg Maryland | None | None | $75.00 | None | None | **$75.00** |
| 4/9/19 | 2835 Wisconsin Ave N.W. Washington DC | None | Picked – up @ Diamond Ave Storage in Gaithersburg Maryland $25.00 Drop – Off 1 of 3 5/14/19 - $25.00 5/15/19 - $25.00 5/21/19 - $25.00 Total $100.00 | 5/20/19 $75.00 | $5,000 | 10% - $500 | **$675.00** |
| 4/15/19 | 804 New Mark Esplanade Rockville, Maryland | None | None | None | $2,350 | 10% - $235 | **$235.00** |
| 4/18/19 | 3700 Van Ness Street N.W. Washington DC | $30.00 | None | None | None | None | **$30.00** |
| 4/22/19 | 11906 Smoketree Road Potomac Maryland | None | None | None | $2,900 | 30% - $870.00 | **$870.00** Note: This house took 2 days to stg |

Carmen Zelaya

| Date | Property Address | Walk Through | Pick Ups or Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|------|------------------|--------------|------------------------|----------|-------------------------|---------|-------------|
| 4/29/19 | 13602 Loree Lane Aspen Hill Maryland | None | None | $75.00 | None | None | **$75.00** |
| 4/30/19 | 17 Ridge Heights Ct Gaithersburg Maryland | None | None | 7/3/19 $75.00 | $2,150 | 30% - $645 | **$720.00** This house took two days 4/30 & 5/3/19 |
| 5/1/19 | 3700 Van Ness Street N.W. Washington DC | None | Picked – up furniture @ storage in Gaithersburg in rush hour traffic 270 $25.00 – Used own vehicle | None | $5,000 | 10% - $500 | **$525.00** |
| 5/2/19 | 2820 Abbey Manor Circle Brookeville Maryland | None | Picked –up @ storage $25.00 | 7/15/19 $75.00 | $2,900 | 10% - $290 | **$390.00** |
| 5/6/19 | 18603 Village Fountain Drive Germantown Maryland | 5/3/19 $30.00 Walk - through | Picked – up @ storage $25.00  5/13/19 Picked –up @ storage – Extra furniture $25.00 | None | $2,500 | 30% - $750 | **$830** Note: This house took us two days 5/6 & 5/8 |
| 5/13/19 | 530 Taylor Street N.W. Wash DC | None | Picked – up @ storage  $25.00 | 6/3/19 $75.00 | $3,000 | 30% - $900 | **$1,000** |
| 5/14/19 | 10101 Grosvenor Place #309 Rockville, Maryland | None | Dropped –off @ storage  $25.00 Used own vehicle | None | $1,750 | 30% - $525 | **$550** Note: This house took two days 5/14 & 5/15 |

Page | 4 –Carmen Zelaya

**Carmen Zelaya**

| Date | Property Address | Walk Through | Pick Ups or Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|------|------------------|--------------|----------------------|----------|------------------------|---------|-------------|
| 5/18/19 | 1300 13th Street N.W. #605 Wash DC | $30.00 | None | None | None | None | **$30.00** |
| 5/20/19 | 1300 13th Street N.W. #605 Wash DC | None | None | 6/17/19 $75.00 | $3,000 | 30% - $900 | **$975.00** Note: This house took us two days 5/20 & 5/22 |
| 6/3/19 | 7111Woodmont Ave #814 Chevy Chase Maryland | None | None | 7/23/19 $75.00 | $2,000 | 10% - $200 | **$275.00** |
| 6/4/19 | 706 Devonshire Ave Takoma Park Maryland | None | None | None | $1,600 | 10% - $160 | **$160.00** |
| 6/4/19 | 4621 Blagden Terrace N.W. Wash DC | $30.00 | None | None | None | None | **$30.00** |
| 6/13/19 | 913 Hughes Mews N.W. Wash DC | None | None | 7/15/19 $75.00 | $1,800 | 30% - $540 | **$615.00** |
| 6/13/19 | 105 Midsummer Drive Gaithersburg Maryland | None | None | None | $2,950 | 10% - $295 | **$295.00** Note: Took two days 6/13 & 6/14 |
| 6/17/19 | 1810 Wyoming Avenue N.W. Washington DC | $30.00 Waited one hour to start staging – No Parking | None | None | None | None | **$30.00** |
| 6/19/19 | 1810 Wyoming Avenue N.W. Washington DC | None | None | 7/3/19 $75.00 | $2,850 | 30% - $855 | **$930.00** |
| 6/28/19 | 4428 Lingan Road N.W. Wash DC | None | None | None | $2,500 | 10% - $250 | **$250.00** |

Page | 5 –Carmen Zelaya

**Carmen Zelaya**

| Date | Property Address | Walk Through | Pick Ups or Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 7/9/19 | 4547 44th Street N.W. Wash DC | None | None | None | $2350 | 30% - $705 | **$705.00** |
| 7/11/19 | 1451 Belmont Street #13 N.W. Wash DC | None | None | None | $2,850 | 30% - $855 | **$855.00** |
| 7/16/19 | 5900 Edson Ln Bethesda Maryland | None | None | None | $2,400 | 30% - $720 | **$720.00** |
| 7/18/19 | 12515 Sycamore View Drive Potomac Maryland | None | None | $75.00 | None | None | **$75.00** |
| 7/18/19 | 14605 Stone House Court Silver Spring Maryland | None | None | None | $1,400 | 30% - $420 | **$420.00** |
| 7/18/19 | 22413 New Cut Road Clarksburg Maryland | None | None | None | $3,000 | 30% - $900 | **$900.00** This house took 3-4 days |

☐ Highlighted entries are stagings that were completed without Stephanie Olszweski at 30%

**Storage Locations:**

Diamond Avenue/Diamond Storage
Fredrick Avenue/Fredrick Storage
Goshen Avenue/Goshen Storage

**Total Amount Due:**

**$17,565**

Page | 6 –Carmen Zelaya

# EXHIBIT C

**Cindy J. Lopez**

Highlighted entries are stagings that were completed without Stephanie O. at 30%

| Date | Property Address | Walk Through | Pick Ups/ Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 1/28/19 | 4818 41st St NW Washington DC | n/a | n/a | $75 | n/a | n/a | $75 |
| 1/28/19 | 6701 Surreywood Lane, Bethesda, MD | n/a | Drop off $25 (1/28/19) Drop off $25 (3/1/19) | $75 (3/1/19) | $2,400 | $240 (10%) | $365 |
| 2/4/19 | 12515 Sycamore View Drive Bethesda, MD | n/a | Drop off & Pick up from Diamond Storage x 4 on 1/29/19 - $25 Drop off 1/31/19 -$25 Drop off 2/4/19 - $25 Drop off 2/7/19 - $25 | 1 of 2 trips 7/17/19 - $75 2 of 2 trips 7/18/19 - $75 | $3,800 | $380 (10%) | $630 |
| 2/5/19 | Garfield Street | n/a | n/a | $75 | n/a | n/a | $75 |
| 2/6/19 | 3923 Massachusetts Ave., NW Washington, Dc | $30 (1/31/19) | Diamond Storage pickup on 2/4/19 -$25 Drop off 2/4/19 - $25 Drop off 2/6/19 - $25 | $75 (3/18/19) | $4,250 | $425 (10%) | $605 |
| 2/6/19 | 2181 Jamieson Avenue #501 Alexandria, VA | n/a | Fredrick Storage drop off - $25 | $75 | n/a | n/a | $100 |
| 2/8/19 | 4000 Cathedral Avenue NW #132B Washington, DC | $30 | n/a | n/a | n/a | n/a | $30 |
| 2/8/19 | 3940 Langley Court NW Washington DC | $30 | n/a | n/a | n/a | n/a | $30 |
| 2/8/19 | 2909 Reno Road NW Washington DC | $30 | n/a | n/a | n/a | n/a | $30 |
| 2/8/19 | Parking Fee | $25 | n/a | n/a | n/a | n/a | $25 |

| Date | Property Address | Walk Through | Pick Ups/ Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 2/11/19 | 3901 Bokel Drive Chantilly VA | $30 (1/31/19) | Diamond Storage Pick up $25 | $75 (4/18/19) | $2,300 | $230 (10%) | **$360** |
| 2/13/19 | 20116 Sweet Meadows Lane Gaithersburg MD | n/a | Diamond Storage Pick up - $25 Fredrick Storage Pick up - $25 Goshen Storage Pick up - $25 Diamond Drop off - $25 | n/a | $3,000 | $300 (10%) | **$400** |
| 2/14/19 | 3125 18th Street NE Washington DC | n/a | n/a | $75 | n/a | n/a | **$75** |
| 2/14/19 | 1701 Black Oak Lane Silver Spring MD | $30 (2/1/19) | Diamond Avenue Pick up - $25 | $75 (3/25/19) | 2,300 | $230 (10%) | **$360** |
| 2/22/19 | 18020 Chalet Drive #17 Germantown MD | n/a | n/a | $75 | n/a | n/a | **$75** |
| 2/22/19 | 11419 Commonwealth Drive #103 Rockville MD | n/a | n/a | $75 (4/15/19) | $1,900 | $570 (30%) | **$645** |
| 3/12/19 | 1609 West Virginia Avenue NE Washington DC | n/a | n/a | n/a | $2,350 | $235 (10%) | **$235** |
| 3/18/19 | 1741 S Street NW Washington DC | n/a | n/a | $75 (3/25/19) | $1,600 | $160 (10%) | **$235** |
| 3/19/19 | 2909 34th Street NW Washington DC | n/a | n/a | $75 (5/13/19) | $3,400 | $340 (10%) | **$415** |
| 3/20/19 | 3833 Connecticut Avenue NW #110 Washington DC | n/a | n/a | n/a | $1,750 | $175 (10%) | **$175** |
| 3/25/19 | 7101 Stratos Lane Gaithersburg MD | | | | $2,900 | $290 (10%) | **$290** |

| Date | Property Address | Walk Through | Pick Ups/ Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 4/1/19 | 513 Pickwick Village Way Silver Spring MD | n/a | Diamond Storage Pick Up - $25 | $75 (5/2/19) | $2,300 | $690 (30%) | **$790** |
| 4/9/19 | 2835 Wisconsin Avenue NW Washington DC | $30 (4/8/19) | Diamond Storage Pick Up 4/9/19 - $25 Pick Up 5/14/19 - $25 Pick Up  5/15/19 -$25 Pick Up  5/21/19 - $25 | $75 (5/20/19) | $5,000 | $500 (10%) | **$705** |
| 4/9/19 | 114 Treehaven Street Gaithersburg MD | n/a | Diamond Storage Pick Up on 2/7/19 - $25 | $75 | n/a | n/a | **$100** |
| 4/15/19 | 804 New Mark Esplanade Rockville MD | n/a | n/a | n/a | $2350 | $235 (10%) | **$235** |
| 4/22/19 | 11906 Smoketree Road Potomac MD | n/a | n/a | n/a | $2,900 | $870 (30%) | **$870** |
| 4/30/19 | 17 Ridge Heights Court Gaithersburg MD` | n/a | n/a | $75 (7/3/19) | $2,150 | $645 (30%) | **$720** |
| 5/1/19 | 3700 Van Ness Street NW Washington DC | n/a | Pick Up Tool Bag from Stephanie 2/27/19 - $25 | | $5,000 | $500 (10%) | **$525** |
| 5/2/19 | 2820 Abbey Manor Circle Brookeville MD | n/a | n/a | $75 (7/15/19) | $2,900 | $290 (10%) | **$365** |
| 5/6/19 | 18603 Village Fountain Drive Germantown MD | $30 (5/3/19) | Diamond Storage Pick Up -$25 | n/a | $2,500 | $750 (30%) | **$805** |
| 5/13/19 | 530 Taylor Street NW Washington DC | $30 (5/7/19) | Ross Pick Up on 5/7/19 -$25 | $75 (6/3/19) | $3,000 | $900 (30%) | **$1,030** |

| Date | Property Address | Walk Through | Pick Ups/ Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|---|---|---|---|---|---|---|---|
| 5/14/19 | 10101 Grosvenor Place #309 Rockville MD | $30 (5/7/19) | Ross Pick Up 5/7/19 - $25 Diamond drop off -$25 | n/a | $1,750 | $525 (30%) | **$605** |
| 5/20/19 | 1300 13th Street #605 NW Washington DC | $30 (5/18/19) | n/a | $75 (6/17/19) | $3,000 | $900 (30%) | **$1,005** |
| 6/3/19 | 7111 Woodmont Avenue #814 Chevy Chase MD | n/a | n/a | $75 (7/23/19 Elevator not reserved ) | $2,000 | $200 (10%) | **$275** |
| 6/4/19 | 706 Devonshire Avenue Takoma Park MD | n/a | n/a | n/a | $1,600 | $160 (10%) | **$160** |
| 6/4/19 | 4621 Blagden Terrace NW Washington DC | $30 | n/a | n/a | n/a | n/a | **$30** |
| 6/11/19 | 38 Maryland Avenue #302 Rockville MD | $30 (6/3/19 meet w/Kenny-agent) | Drop off furniture $30 | $75 (7/23/19) | $1,650 | $165 (10%) | **$300** |
| 6/12/19 | 913 Hughes Mews NW Washington DC | n/a | Diamond Drop off -$25 | $75 (7/15/19) | $1,800 | $540 (30%) | **$640** |
| 6/12/19 | 105 Midsummer Drive Gaithersburg MD | n/a | Diamond Storage pick up - $25 | n/a | $2,950 | $295 (10%) | **$320** |
| 6/19/19 | 1810 Wyoming Avenue NW Washington DC | n/a | Failed Drop off on No Parking 6/17/19 - $30 | $75 (7/3/19) | $2,850 | $855 (30%) | **$960** |
| 6/28/19 | 4428 Lingan Road NW Washington DC | n/a | n/a | n/a | $2,500 | $250 (10%) | **$250** |
| 7/9/19 | 4547 44th Street NW Washington DC | n/a | n/a | n/a | $2,350 | $705 (30%) | **$705** |

| Date | Property Address | Walk Through | Pick Ups/ Drop Offs | Destaged | Staging Amount Charged | Our Fee | Grand Total |
|------|------------------|--------------|---------------------|----------|------------------------|---------|-------------|
| 7/11/19 | 1451 Belmont Street NW Washington DC | n/a | n/a | n/a | $2,850 | $855 (30%) | **$855** |
| 7/16/19 | 5900 Edson Lane Rockville MD | n/a | n/a | n/a | $2,400 | $720 (30%) | **$720** |
| 7/18/19 | 14605 Stone House Court Silver Spring MD | n/a | n/a | n/a | $1,400 | $420 (30%) | **$420** |
| 7/18/19 | 22413 New Cut Road Clarksburg MD | n/a | n/a | n/a | $3,000 | $900 (30%) | **$900** |

Highlighted entries are stagings that were completed without Stephanie Olszweski at 30%

**Storage Locations:**

Diamond Avenue/Diamond Storage
Fredrick Avenue/Fredrick Storage
Goshen Avenue/Goshen Storage

Total Amt Due:

**$19,520**

# EXHIBIT 2

DeSign by StephanieO Staging Agreement - 2019

### Average Job

| | | |
|---|---|---|
| $2,500.00 | | $2,500.00 |
| – 20% ($500.00) materials/reinvest into company | | -$500.00 |
| -$900.00 (cost of movers - $450.00 each way) | | -$900.00 |
| | | $1,100.00 |
| 10% | (while your learning working with me or an experienced stager) | $110.00/job |
| 20% | (Staging with me – able to complete some rooms on your own) | $220.00/job |
| 30% | (Staging on my referrals alone – without me. I will check on the property and help with picture and mirror hanging but the bulk of staging will be completed by you) | $330.00/job |
| 40% | (Staging on your referrals with my help – you will learn to pull items from storage on your own) | $440.00/job |
| 50% | (Staging on your referrals alone. I will still stop by to help with picture and mirror hanging as needed however you should be able to schedule movers, pull items from storage and stage on your own.) *If you have a minimum of 3 referrals per month you will also achieve this pay level | $550.00/job |
| 60% | (Full Staging on your referrals alone or on my referrals completely alone) *If you have a minimum of 5 referrals per month you will also achieve this pay level | $660.00/job |
| 70% | (Full Staging on your referrals alone or on my referrals completely alone) *If you have a minimum of 8 referrals per month you will also achieve this pay level | $770.00/job |

*NOTE* On higher or lower paying jobs the amount per percentage will be adjusted accordingly. The above pricing is based on a $2,500.00 job. Additional payment options available within staging, interior design or renovation work positions. Initial trial position for 3 months at which time we will meet to review work and payment position as well as order your shirts and jackets for staging. Business cards will be provided within the first 2 weeks.

Cindy Lopez_____ Date:_____

Stephanie Olszewski_____Date:_____

DeSign by Stephanie O |240.370.9864|designbystephanieo@gmail.com

www.designbystephanieo.com

Staging Renovations Concierge
FOR ALL YOUR HOME
DESIGN NEEDS!